UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUBEN C. HOLTON,

                              Petitioner,

-vs-

FEDERAL BUREAU OF PRISONS,

                              Respondent.

DECISION AND ORDER

22-CV-6528 (CJS)
_____

      This matter is presently before the Court on Petitioner Ruben C. Holton's *pro se* application challenging Respondent Federal Bureau of Prisons' ("BOP") execution of his sentence. Pet., Nov. 23, 2023, ECF No. 1. Specifically, Holton maintains that he has been denied the application of approximately 280 days of First Step Act Time Credits to his sentence. *Id.* Because "the pleadings of a *pro se* inmate are to be construed liberally," the Court has interpreted Holton's papers to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Nevertheless, the Court finds that his petition [ECF No. 1] must be denied.

I. BACKGROUND

      On August 11, 2016, Defendant entered into a plea agreement with the government in which he agreed to waive indictment and plead guilty to two counts: conspiracy to possess a firearm as a convicted felon in violation of 18 U.S.C. §371, and possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A). *United States v. Holton*, No. 14-CR-6161-CJS, Plea, ¶ 1, Aug. 11, 2016, ECF No. 63. The parties agreed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the

1

appropriate sentence in this case included a 120-month term of imprisonment. *Holton*, No. 14-CR-6161-CJS, Plea at ¶ 11.

In November 2016, the Court sentenced Defendant to be committed to the custody of the Bureau of Prisons (BOP) for a total term of 120 months' imprisonment. *United States v. Holton*, No. 14-CR-6161-CJS, J, Nov. 16, 2016, ECF No. 73. The Court also imposed a 3-year term of supervised release upon Holton's release from imprisonment. *Id.* Three years later, in November 2019, the Court denied Holton's *pro se* application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Holton*, No. 14-CR-6161-CJS, Dec. and Order, Nov. 18, 2019, ECF No. 95.[1]

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the FSA"), was signed into law. Although the most frequently cited aim of the FSA was to reduce the disparity between sentences for powder cocaine and crack cocaine offenses, another significant aim was to encourage the participation of federal inmates in evidence-based recidivism reduction programs ("EBRR") or productive activities ("PA"). *Rosenberg v. Pliler*, No. 21-CV-5321 (VEC), 2021 WL 6014938, at *1 (S.D.N.Y. Dec. 20, 2021). To that end, the FSA enables federal inmates – with certain exceptions – to earn time credits ("FSA time credits") upon successful participation in an EBRR or PA, and

---

[1] A motion to vacate under 28 U.S.C. § 2255 is subject to the stringent gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996, including the requirement that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Nevertheless, the Court finds that Holton's present application does not constitute a "second, successive petition" under AEDPA because it does not "represent a second attack by federal habeas petition on the same conviction." *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) (citation omitted). Rather, it is an appropriate use of § 2241 to challenge the execution, rather than the legality, of Holton's sentence. *Villanueava*, 346 F.3d at 63 (citing *Chambers v. U.S.*, 106 F.3d 472, 474–75 (2d Cir. 1997)).

these credits qualify the inmates for early release from custody. 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). Specifically, a prisoner earns ten days of FSA time credits for every 30 days of successful participation in EBRRs or PAs. § 3632(d)(4)(A). Further, if the BOP determines over two consecutive assessments that a prisoner is at a minimum or low risk of recidivism, that prisoner earns an additional five days of FSA time credits for every 30 days of successful participation. *Id*.

In the application presently before the Court, Holton states that the BOP has already applied 365 days of FSA time credits to his sentence, moving his projected release date from July 2024 to July 2023. Pet. at ¶ 2. He also acknowledges that he was released to a residential re-entry center in this District in September 2022. *Id*. However, he maintains that he was entitled to 645 total days of FSA time credits, leaving him with 280 days of time credits that have yet to be applied to his sentence. *Id.* Therefore, Holton asks the Court to "reach out to the BOP and grant his Petition for the remaining FSA credits owed to him towards his Home Confinement/Supervised Release." *Id*. at ¶ 3.

In opposition to Holton's application, the government cites 18 U.S.C. § 3624(g)(3), which states that inmates eligible for FSA time credits may be transferred "to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." Resp., Feb. 16, 2023, ECF No. 6. The government argues that because the BOP has already re-calculated Holton's sentence such that his term of supervised release will begin 12 months earlier than his original release date, there is no further relief the Court is authorized to grant under the law. Resp. at 2 (referencing a copy of the BOP's "Sentence Monitoring Computation Data" for Holton,

3

which was submitted with the government's opposition papers).

## LEGAL STANDARD

"A writ of habeas corpus under [28 U.S.C.] § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). Thus, a petition pursuant to § 2241 is the appropriate vehicle for challenging the computation of a prisoner's sentence by prison officials. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (citations omitted).

Before an inmate can seek relief pursuant to § 2241, however, he must exhaust all relevant administrative remedies. *Carmona*, 243 F.3d at 634. "In this context, '[e]xhaustion of administrative remedies involves a multistep process under BOP regulations, ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP.'" *United States v. Lopez*, No. 20 CR. 230 (JFK), 2022 WL 2340430, at *2 (S.D.N.Y. June 29, 2022) (quoting *United States v. Wusebio*, No. 04 Cr. 607 (LAP), 2007 WL 582745, at *2 (S.D.N.Y. Feb. 21, 2007) (citing 28 C.F.R. §§ 542.13-542.15 (2006))). "The failure to exhaust constitutes a procedural default that bars judicial review unless the petitioner makes a showing of cause and prejudice." *United States v. Credidio*, No. 19 CR. 111 (PAE), 2020 WL 1644010, at *2 (S.D.N.Y. Apr. 2, 2020) (citing, *inter alia*, *Carmona*, 243 F.3d at 634).

DISCUSSION

After a thorough review of Holton's filing and the record in the present case, the Court finds that the application must be denied. First, Holton has not shown that he has exhausted his administrative remedies on this matter, nor demonstrated cause and prejudice for not doing so. Moreover, even if Holton had demonstrated cause for not exhausting his administrative remedies, he fails to satisfy his evidentiary burden to demonstrate by a preponderance of evidence that he is entitled to relief.

The Second Circuit has consistently held that "federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief" under 28 U.S.C. § 2241. *Carmona*, 243 F.3d at 634. This requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Nevertheless, because the exhaustion requirement is prudential for habeas actions, it may be waived if "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62 (internal quotation marks and citation omitted).

In the present case, Holton has failed to allege that he pursued administrative remedies, let alone exhausted them. For instance, in his reply papers, Holton suggests that the government's opposition to his application mistakenly relies upon the BOP's manual calculations of his FSA time credits reflected in his "Sentence Monitoring

5

Computation Data" worksheet, despite the fact that the BOP now calculates FSA time credits by means of an auto-calculation application. Reply, 1, Feb. 16, 2023, ECF No. 7 (citing *Pillow v. Bureau of Prisons*, No. 4:22-CV-00713 PSH, 2022 WL 13892877, at *1 (E.D. Ark. Oct. 21, 2022)). However, Holton fails to indicate whether he ever requested a recalculation of his time, or in any way challenged the BOP's sentence computations. Pet. at ¶ 1; Resp. at 3–4. Moreover, he offers no reasons and makes no arguments regarding why he did not or could not do so. Accordingly, Holton's petition [ECF No. 1] must be denied due to his failure to exhaust his administrative remedies or to argue cause and prejudice.

Further, even if Holton's failure to exhaust were not dispositive, the Court would still be compelled to dismiss the application based on Holton's failure to satisfy his burden of proof. A petitioner in a habeas proceeding under 28 U.S.C. § 2241 "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (internal quotation marks omitted). Although submissions by pro se plaintiffs are to be examined with special solicitude, "[a]iry generalities, conclusory assertions[,] and hearsay statements will not suffice" to meet the preponderance of the evidence standard. *United States v. Rumble*, 111 F. Supp.3d 207, 211 (N.D.N.Y. 2015) (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir.1987)).

Here, Holton asserts that he is entitled to 645 days of FSA time credits without providing either any detail regarding the programs or activities by which such credits were

6

earned, or any supporting documentation. Additionally, in response to the government's statement that "there is nothing else this Court could possibly grant Petitioner as relief," Holton merely asserts that "[t]his is incorrect and the correct information could have been provided, if the BOP was contacted." Reply at 1. In fact, it appears that the BOP was contacted, and the BOP's "Sentence Monitoring Computation" worksheet – which indicates that it is current as of "12-23-2022," and reflects information from a "Release Audit Completed on 08-15-2022" – indicates only that Holton was entitled to the 365 days of FSA time credit that he was awarded. Resp. at 3–4. In short, Holton fails to provide any specific information or evidentiary support for his claim.

## CONCLUSION

Therefore, it is hereby ORDERED that Petitioner Ruben Holton's application challenging the Bureau of Prisons' execution of his sentence [ECF No. 1] is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:     April 17, 2023
           Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge